SNEED, Circuit Judge:
 

 Cimarron Investors (Cimarron) appeals the Bankruptcy Appellate Panel’s affirmance of the bankruptcy court’s order modifying the automatic stay. We reverse in light of the Supreme Court’s recent decision in
 
 United Sav. Ass’n v. Timbers of Inwood Forest Assoc., Ltd.,
 
 — U.S. — , 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).
 

 I.
 

 FACTS AND PROCEEDINGS BELOW
 

 Cimarron is a limited partnership whose only asset was a 120-unit apartment complex in Glendale, Arizona. WYID Properties (WYID) was a secured creditor of Ci-marron. WYID is the holder of a note secured by a deed of trust against the property in the amount of $2.1 million.
 

 In January 1986, Cimarron defaulted on its payments under the note and WYID instituted foreclosure proceedings against the property. On May 29, 1986, Cimarron filed a voluntary Chapter 11 petition in bankruptcy. Under 11 U.S.C. § 362(a), filing of the petition constituted an automatic stay of the foreclosure proceedings. On July 24, 1986, WYID filed a motion for relief from the automatic stay. In the course of the hearing on the motion the bankruptcy court found that the value of the property “as is” was $2.5 million and that WYID was by this time owed $2.42 million. The court further decided that the value of the property could not adequately protect WYID because, after deducting the costs of sale, the amount available to pay WYID would be less than $2.4 million. On October 20, 1986, the bankruptcy court ordered Cimarron to make monthly payments under the note, representing interest, beginning November 1,1986 as adequate protection (the payments on the note were all interest as none of the principal had been amortized). The bankruptcy appellate panel affirmed the order of the bankruptcy court. This decision is the subject of the instant appeal.
 

 Cimarron made the required payments through, but not beyond, September 1987. Payments of interest over the entire period amounted to $225,783.36. In this appeal Cimarron seeks the return of these payments of interest. After Cimarron’s failure to make the October 1987 payment, WYID filed a motion for relief from the stay to allow foreclosure. The bankruptcy court granted the motion by order and subsequently denied Cimarron’s motion for a stay of the order. Cimarron then petitioned this court by way of an emergency motion for a stay of the bankruptcy court’s order. This court denied that motion on October 22, 1987. WYID held a foreclosure sale on the property on October 26, 1987. WYID then moved to convert the bankruptcy into a Chapter 7 liquidation. Conversion to Chapter 7 was ordered December 10, 1987 but the order was stayed until February 15, 1988 in order to allow briefing and argument on this appeal.
 

 II.
 

 JURISDICTION
 

 The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b). The Bankruptcy Appellate Panel had authority to hear the appeal from the bankruptcy court’s decision under 28 U.S.C. § 158(b). This court’s jurisdiction flows from 28 U.S.C. § 158(d) because a grant or denial of a motion for relief from an automatic stay is considered a final order.
 

 III.
 

 STANDARD OF REVIEW
 

 Legal conclusions reached by the bankruptcy court and Bankruptcy Appellate Panel are reviewed
 
 de novo
 
 by this court.
 
 In re Bubble Up Delaware, Inc.,
 
 684 F.2d 1259, 1262 (9th Cir.1982).
 

 IV.
 

 DISCUSSION
 

 The Supreme Court’s recent decision in
 
 United Sav. Ass’n v. Timbers of Inwood
 
 
 *976
 

 Forest Assocs., Ltd.,
 
 — U.S. — , 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), is disposi-tive of this case. The bankruptcy court below concluded that WYID was an un-dersecured creditor because the value of the property less the cost of selling it was less than the amount owed on the note that was secured by the property. Following
 
 In re American Mariner Indus., Inc.,
 
 734 F.2d 426, 432-35 (9th Cir.1984), the bankruptcy court decided that for Cimarron to be adequately protected within the meaning of Bankruptcy Code § 362(d)(1) it needed to receive interest payments. The theory of
 
 American Mariner
 
 was that protection of one’s “interest in property” under § 362 included reimbursement for the
 
 use
 
 of proceeds that would result from a foreclosure sale. Thus, the bankruptcy court in this case mandated that the debtor pay interest on the value of the note so that the creditor would not lose part of his interest in the property. Excerpt of Record at 55-56.
 

 The Supreme Court in
 
 Timbers
 
 squarely addressed this question and held that undersecured creditors are not entitled to compensation under 11 U.S.C. § 362(d)(1) for the delay caused by the automatic stay in foreclosure on collateral. Review of the briefs and the lower courts’ opinions in this case makes it clear that this is the only issue on appeal.
 

 Because
 
 Timbers
 
 squarely overrules the case upon which the bankruptcy court relied in granting a modification of the automatic stay, this court must reverse the bankruptcy court’s decision. The Supreme Court thoroughly analyzed the statute and its conclusion leaves no doubt that this circuit was in error in interpreting § 362(d)(1) as it did in
 
 In re American Mariner Indus., Inc.,
 
 734 F.2d 426, 432-35 (9th Cir.1984). In light of the Supreme Court’s unequivocal determination of the meaning of § 362(d)(1),
 
 Timbers
 
 should be applied “retroactively” under the standard of
 
 Chevron Oil Co. v. Huson,
 
 404 U.S. 97, 106-07, 92 S.Ct. 349, 355-56, 30 L.Ed.2d 296 (1971). Finally, considerations based on alleged fairness and equity are not relevant when the statute, as interpreted by the Supreme Court, bars the interpretation the appellant urges upon us.
 

 We remand this case to the bankruptcy court for further disposition. In its brief, WYID makes several arguments suggesting that even if
 
 Timbers
 
 overrules the result below, the bankruptcy court should nonetheless permit WYID to keep part or all of the interest payments it received as a result of the earlier ruling. For example, WYID argues that the payments might be justified as necessary for maintenance of the property or as a “super-administrative” expense. There appears to be no reason why the bankruptcy court may not consider such arguments upon remand.
 

 REVERSED AND REMANDED.