**In the Matter of Ronald Earl MARTIN, Evaleah Martin, Debtors.**

**Bankruptcy No. 87–10209 HCD.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Sept. 29, 1988.

John R. Burns, of Bakers & Daniels & Schoaff, Fort Wayne, Ind., for Federal Land Bank of Louisville.

David Peebles, of Peebles, Thompson, Rogers & Hamilton, Fort Wayne, Ind.

## DECISION

HARRY C. DEES, Jr., Bankruptcy Judge.

This matter is before the court on the debtors' MOTION FOR RELIEF FROM ORDER filed February 29, 1988. The issue centers on the debtors' request for relief from the pure lost economic opportunity payments ordered by this court on July 8, 1987 [1], in light of the U.S. Supreme Court's decision in *United Savings Assn. of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). For the reasons set out below, the debtors' motion is GRANTED and the pure lost economic opportunity payments ordered by this court on July 8, 1987, shall cease, beginning with the payments due on or after January 28, 1988.

### Procedural History

The debtors, Ronald Earl and Evaleah Martin, filed their petition under chapter 11 of Title 11 of the United States Code on February 20, 1987 and have since remained debtors in possession. On April 9, 1987, the Federal Land Bank of Louisville ("FLB") filed a MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF PROPERTY. In an order dated July 8, 1987, this court modified the automatic stay and awarded the FLB lost economic opportunity compensation of $2,733.33 per month, commencing October 9, 1987. *In re American Mariner Indus., Inc.*, 734 F.2d 426, 432–435 (9th Cir.1984); *In the Matter of Deeter*, 53 B.R. 623 (Bankr.N.D.Ind. 1985). The order also instructed the FLB to credit those payments to the allowed secured claim of Claim 2 of the FLB.[2] The debtors did not appeal this order.

On July 17, 1987, the FLB filed its motion to alter or amend the July 8, 1987 order. The FLB contended that the proper date to commence the lost economic oppor-

tunity compensation was August 20, 1987, the later of six months after the filing of the debtors' petition or the date of the request for relief from the stay and requesting the court to eliminate the requirement that the payments be applied toward the FLB's secured claim. *In the Matter of Deeter*, 53 B.R. 623 (Bankr.N.D.Ind.1985). This court granted the FLB motion and in an order dated November 23, 1987, amended the date for commencement of the lost economic opportunity payments from October 9, 1987 to August 20, 1987 and ordered that those payments should not be credited against the FLB's secured claim but instead would act as compensation for the FLB's lost economic opportunity to foreclose on the debtors' land. The debtors appealed this order on December 2, 1987.

Bankruptcy Rule 8002(a) requires that "the notice of appeal shall be filed with the clerk within 10 days of the date of the entry of judgment, order, decree appealed from." The Rule also allows the court to grant an extension of time to file, if timely requested. The debtors failed to timely appeal the July 8, 1987 order but did timely appeal the November 23, 1987 order which acted to modify the July 8, 1987 order only as to the date of commencement and application of lost economic opportunity compensation granted to the FLB, but did not affect the actual award of lost economic opportunity compensation. Because timely filing of the notice of appeal with the bankruptcy court is a jurisdictional matter, untimely filing would deprive the district court of appellate jurisdiction to review the bankruptcy court's order of lost economic opportunity compensation. *Mullis v. Zubel (In the Matter of Mullis)*, 79 B.R. 26, 27 (D.Nev.1987).

The issues preserved by the debtors' timely appeal of the November 23, 1987 order, were properly limited to the modifications of commencement date and application of the compensation originally ordered on July 8, 1987. Therefore, it appears that

---

**1.** This order was modified by an order dated November 23, 1987.

**2.** Claim 2 is based on collateral which includes 253 acres of land in Wells County and 120 acres in Grant County, Indiana. Claim 2 is not fully secured.

the debtors have waived their right to contest the award of lost economic opportunity compensation for failure to timely file their appeal of that order. During the pendency of this appeal to the United States District Court for the Northern District of Indiana, the United States Supreme Court decided *United Savings Assn of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). The Supreme Court held that an undersecured creditor is not entitled to compensation under 11 U.S.C. Section 362(d)(1) for delay caused by the automatic stay in foreclosure on its collateral. The Court effectively, although not expressly, overruled the *American Mariner* line of cases upon which this court relied in its July 8, 1987 order granting the FLB lost economic opportunity compensation. The Court acknowledged that it was resolving a conflict among the circuit courts in its *Timbers* decision, but it failed to expressly address the issue of retroactive application of its decision, thereby allowing a new conflict to surface among the circuit courts.

Upon motion by the FLB, the District Court remanded the debtors' appeal back to this court for reconsideration in light of the *Timbers* decision. The debtors filed a request for instructions with this court on January 28, 1988 and in response this court informed the debtors by February 17, 1988 order, that it would entertain a motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b). The debtors filed a MOTION FOR RELIEF FROM ORDER on February 29, 1988 and a hearing was held on April 21, 1988. After a briefing period the matter was taken under advisement.

### Decision

■■■ It has been held that as long as a case is *sub judice*, a federal court must apply any new and supervening rule of federal law when applicable to the issues in the case. *Wasserman v. Mun. Court of Alhambra Jud. Dist.*, 543 F.2d 723, 724–725 (9th Cir.1976). In this case, the *Timbers* decision is that new and supervening rule. "Inherent in the jurisdiction of the chancery," *United States v. Swift & Co.*,

286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932), "is the power of a court of equity to modify the prospective effect of its decrees in response to changed circumstances." *United States v. Georgia Power Co.*, 634 F.2d 929, 932–933 (5th Cir. 1981). The Federal Rules of Civil Procedure recognize the existence of this power. Rule 60(b)(5) permits modification of a final judgment upon timely motion, when the court is convinced "it is no longer equitable that the judgment should have prospective application." A change in decisional law is sufficient to invoke relief under Rule 60(b)(5). *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 N. 4 (2nd Cir.1986), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986).

Likewise, the court in *Georgia Power* held that given the appropriate circumstances, a significant modification of decisional law would permit the court in its discretion, to prospectively modify a permanent injunction under Rule 60(b)(5). *United States v. Georgia Power* at 934; *see also, United States v. Swift & Co.*, 286 U.S. 106, 114–115, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). Because adequate protection in the form of lost economic opportunity compensation is a flexible concept, it is more analogous to an injunction than a final judgment and thereby susceptible to modification as the result of a change in circumstances warranting the initial order. *In the Matter of All–Way Services, Inc.*, 73 B.R. 556, 565 (Bankr.E.D.Wis.1987); *United States v. Swift & Co.*, 286 U.S. 106, 114, 115, 52 S.Ct. 460, 462, 462, 76 L.Ed. 999 (1932). Rule 60(b)(5) does not allow relitigation of the issues that have been resolved by judgment. Rather, it requires a change in circumstances that make continued enforcement inequitable. *De Filippis v. United States*, 567 F.2d 341, 343–344 (7th Cir.1977).

The debtors' motion for relief from judgment is generic in form, merely referring to Rule 60(b) without reference to a specific subsection. This court will interpret the motion to be a request for relief based on the third clause of Rule 60(b)(5). That clause states that:

"(b) ... the court may relieve a party ... from a final judgment

> (5) ... or [when] it is no longer equitable that the judgment should have prospective relief."

■ The general rule in civil cases is that a judicial decision "interpreting the law should be applied retroactively unless it represents a 'clean break' with the past and in addition, it would be fundamentally unfair or otherwise burdensome to so apply it." *Woollett v. Bankers Life Co.*, 572 F.Supp. 650, 654 (D.Mich, 1983). The Supreme Court, determining whether or not an issue should be given nonretroactive treatment, has set out three factors to be considered by a court in the determination of prospective only application of decisional law. Any decision which 1) establish[es] a new principle of law by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed, 2) prospective application will serve (or at least not disserve) the operation of the new principle of law and 3) if retroactively applied would lead to inequitable results, is subject to prospective only treatment. *Chevron Oil Company v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296 (1971); *E.E.O.C. v. Vucitech*, 842 F.2d 936, 941 (7th Cir.1988).

■ By applying the *Chevron* test to the facts of this case, this court finds that the *Timbers* decision should not be retroactively applied but should be given prospective application only. *In the Matter of Duffers Delight, Inc.*, No. 86–40277 (Bankr.N.D.Ind. Sept. 23, 1988); *Fairfax Savings v. Sherwood Square Associates (In re Sherwood Square Associates)*, 87 B.R. 388, 393 (Bankr.D.Md.1988); *but see, Cimarron Investors v. WYID Properties (In re Cimarron Investors)*, 848 F.2d 974, 976 (9th Cir.1988). The *Timbers* decision, while not expressly overruling the *American Mariner* line of cases, effectively overrules those cases. The resolution of the conflict among the circuit courts in interpreting 11 U.S.C. Section 362(d)(1) was an issue of first impression for the Supreme Court and the resolution was not clearly foreshadowed in those circuits who followed *American Mariner*. Prospective application of *Timbers* on the facts of the debtors case will serve the operation of the new principle of law by not disturbing the past relationship of the parties, which was based on the validity of an award of lost economic opportunity compensation, and instead providing prospective relief only. Finally, it would be inequitable to apply *Timbers* retroactively because it would act to reward the debtors with relief from the lost economic opportunity compensation award when they failed to act to protect their own rights by timely appealing the July 8, 1987 order. The debtors' MOTION FOR RELIEF FROM JUDGMENT constituted a request for prospective relief only. This motion and the *Timbers* decision are sufficient grounds to grant that prospective relief. *Swift*, 286 U.S. at 114–115, 52 S.Ct. at 462. By failing to timely appeal the July 8, 1987 order, the debtors failed to preserve their right to appeal the actual award to the FLB of lost economic opportunity compensation. Had they done so, retroactive application of the *Timbers* decision may have been available.

Merely because the Supreme Court has settled a conflict among the circuit courts on the application of 11 U.S.C. Section 362(d)(1) does not mean that the debtors are automatically entitled to retroactive relief from previous *American Mariner*-type orders of lost economic opportunity compensation, absent a properly preserved appeal of the order granting the compensation. The debtors' attempt to bootstrap their appeal of this court's November 23, 1987 order onto the *American Mariner*-type award of compensation ordered by this court on July 8, 1987, must fail as untimely filed.

The *Cimarron* and *Sherwood Square* cases cited *supra*, can be distinguished from the facts before us. In *Cimarron Investors v. WYID Properties (In re Cimarron Investors)*, 848 F.2d 974, 976 (9th Cir.1988), the bankruptcy court modified the stay by awarding WYID Properties lost economic opportunity compensation. The debtor appealed and the bankruptcy appel-

late panel affirmed the bankruptcy courts order. The debtor appealed to the Ninth Circuit who reversed the order in light of *Timbers* and applied *Timbers* retroactively because the debtor had properly preserved its appeal of the original bankruptcy court order granting the lost economic opportunity compensation.

In *Fairfax Savings v. Sherwood Square Associates (In re Sherwood Square Associates)*, 87 B.R. 388, 393 (Bankr.D.Md. 1988), the matter before the court was confirmation of the debtor's FOURTH AMENDED PLAN OF REORGANIZATION and Fairfax's MOTION FOR RELIEF FROM STAY because the debtor had unilaterally ceased making the adequate protection payments after the *Timbers* decision was handed down by the Supreme Court. In the debtor's plan, it attempted to reallocate the application of the adequate protection payments it had previously made to the first twenty-two payments due under its plan to Fairfax, in lieu of the cash payments required by 11 U.S.C. Section 1129. The debtor contended that *Timbers* made the adequate protection order a nullity and because the order was interlocutory and not final, it could now be modified by the bankruptcy court. Fairfax contended that the adequate protection order was final and relief could only be afforded under Rule 60(b) which would not apply on those facts because the adequate protection order was an order by consent, which even with a change in the rule of law, would be insufficient to warrant a reopening of that final judgment. The debtor did not move for relief from judgment under Rule 60(b).

The court held that the debtor could have requested prospective relief under Rule 60(b) based on *Timbers* but that on *Sherwood's* facts *Timbers* should not be applied retroactively and the plan was denied. The court stated:

> "Here the equities favor prospective application because Fairfax relied upon and benefitted from its receipt of adequate protection payments in framing its strategy over two years; and the Debtor relied on these payments to fend off Fairfax's efforts for relief from the automatic stay. To change this relationship retroactively would result in a windfall of cash to Debtor without having required Debtor to endure the apparently more rigorous examination of its prospects for effective reorganization suggested in the *Timbers* opinion than this court applied under the *Grundy* Rule." *Sherwood Square Associates,* 87 B.R. at 393.

Absent proper preservation by appeal, Federal Rule of Civil Procedure 60, made applicable by Bankruptcy Rule 9024 will not permit this court to grant relief to the debtors from its July 8, 1987 final order when the effect would be to free them from the calculated and deliberate choices and decisions that stemmed from that order to both parties. *In the Matter of North Broadway Funding Corp.,* 34 B.R. 620, 623 (Bankr.E.D.N.Y.1983).

The court takes notice of FLB's contention that the Seventh Circuit cases seem to require "nothing less than a clear showing of grievous wrong evoked by new and unforseen conditions should lead us to change what was decreed after years of litigation." *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932); *De Filippis v. United States,* 567 F.2d 341, 344 (7th Cir.1977). It is obvious that the debtors have not made a sufficient showing in their brief of any "grievous wrong" that would warrant retroactive relief from the July 8, 1987 judgment nor have they properly preserved for appeal the issue of the award to the FLB of lost economic opportunity compensation. Upon this court's instruction the debtors promptly moved for relief from the July 8, 1987 order of lost economic opportunity compensation, pursuant to Rule 60(b) based on the Supreme Court's now landmark decision in *Timbers,* that request being limited to prospective relief only. Therefore, this court finds that the *Timbers* decision amounts to a change in decisional law so profound that the request for relief from judgment under Rule 60(b) should be granted and finds that "it is no longer equitable that the [July 8, 1987] judgment should have prospective application." Fed.R.Civ.P. 60(b)(5).

*Conclusion*

Accordingly, this court finds:

That the July 8, 1987 order was a final judgment and appealable;

That the debtors waived their right to appeal the award of lost economic opportunity compensation by failing to timely appeal the July 8, 1987 order and appeal of the November 23, 1987 order was insufficient to preserve that right;

That the *Timbers* decision will not be retroactively applied absent proper preservation on appeal of the award of lost economic opportunity compensation;

That the lost economic opportunity compensation payments awarded to FLB shall cease with the payments due from the debtors on or after January 28, 1988;

That payments made thereafter until the date of this order are to be held by FLB in an interest bearing trust savings account for the benefit of the debtors until the Plan of Reorganization is confirmed or until further order of this court.

SO ORDERED.