In re B.W. ALPHA, INC., Debtor.

B.W. ALPHA, INC., Debtor, Appellant,

v.

FIRST CITY NATIONAL BANK OF SAN ANGELO, N.A.; John D. Burk Construction Company; and John D. Burk, Appellees.

Bankruptcy No. 686-60051-11.
Civ. A. No. CA 6-88-052-C.

United States District Court,
N.D. Texas,
San Angelo Division.

Dec. 22, 1988.

832

Samuel S. Allen, Smith, Carter, Rose, Finley & Hofmann, San Angelo, Tex., for appellant.

DeWayne Hale, Hale, Spencer, Goodman, Pronske & Trust, Dallas, Tex., Terri Motl, Griffis, Woodward, Colia & Motl, San Angelo, Tex., for appellees.

## MEMORANDUM OPINION AND ORDER

CUMMINGS, District Judge.

Before the Court is the appeal by the debtor B.W. ALPHA ("DEBTOR") of the Order Denying Confirmation entered by the Honorable Judge John C. Akard on August 19, 1988. 89 B.R. 592 (Bky.N.D. Tex.1988) This Court has jurisdiction over this appeal due to Bankruptcy Rule 8001 and leave granted to appeal pursuant to 28 U.S.C. § 158 on September 19, 1988.

The errors raised by DEBTOR are four:

\* the bankruptcy court's failure to use a priorly court-determined value for a hotel in assessing the confirmation;

\* the bankruptcy court's refusal to allow other testimony on the value of the hotel;

\* error in finding the proposed plan of reorganization did not give FIRST CITY NATIONAL BANK OF SAN ANGELO ("FIRST CITY"), a primary creditor, the "indubitable equivalence" of its secured claim; and

\* error in requiring post-petition payments on a note, made under an order for adequate protection, to be credited to interest and not principal.

The findings of fact by the bankruptcy court are subject to a "clearly erroneous" standard while conclusions of law are subject to a lesser standard of review. See Bankruptcy Rule 8013 and *Matter of Multiponics, Inc.*, 622 F.2d 709 (5th Cir.1980).

## FACTUAL and PROCEDURAL SUMMARY

DEBTOR filed its voluntary Chapter 11 petition in April, 1986. FIRST CITY filed a motion for relief from the stay or in the alternative for adequate protection on March 2, 1987. DEBTOR owes FIRST CITY approximately $1.6 million. On March 30, 1987, the bankruptcy court entered an agreed order between the parties requiring monthly adequate protection payments by DEBTOR to FIRST CITY. In the second paragraph of the order, payments are to be credited to accrued interest. To date, DEBTOR has paid $137,-136.37 to FIRST CITY under such order, all of it being credited to accrued interest.

Finally on February 1, 1988, DEBTOR filed its first plan of reorganization. This plan, however, was amended on April 29, 1988, after motions to dismiss and to convert the case to a Chapter 7 liquidation were filed. The bankruptcy court in the interim held a valuation hearing for the Cactus Hotel, property of DEBTOR's estate and pledged as security to FIRST CITY. The court entered an order on April 4, 1988, setting the secured value of the hotel at $1,000,000.00 and stating that such value shall be used in connection with any plan of reorganization presented in the next 180 days.

A confirmation hearing was held July 7 and 8, 1988 after objections to the amended plan were received. DEBTOR orally dictated further amendments to the plan of reorganization into the record pursuant to 11 U.S.C. § 1127 and Rule 9018. The amended plan called for FIRST CITY to take the hotel in exchange for $1,000,-000.00 in indebtedness. At the hearing, the bankruptcy court entertained evidence as to the realization or time aspects of FIRST CITY recovering the $1,000,000.00 value in the hotel. The court refused to take any evidence on the actual value of the hotel but invited both parties to provide evidence of the ability to realize such value.

The bankruptcy court entered its order denying confirmation on August 19, 1988. In September, FIRST CITY sought a judgment dismissing DEBTOR's bankruptcy.

After no response was received, the bankruptcy court granted such motion. However, a new trial was granted for January 26, 1989, in order to determine if DEBTOR's bankruptcy petition should be dismissed.

### "INDUBITABLE EQUIVALENT"

■ Although FIRST CITY contends that additional grounds exist for denying confirmation of DEBTOR's amended plan of reorganization, this Court only needs to consider the errors raised by DEBTOR regarding the valuation testimony of the hotel and "indubitable equivalence" requirement when property is substituted for payment in the plan for reorganization. Basically, DEBTOR's plan called for a forced deed in lieu of foreclosure, requiring FIRST CITY to take the hotel in satisfaction for $1 million in debt (and crediting a non-bankrupt party's guaranty for such payment). No one disagrees that DEBTOR has the burden of proof to show the "indubitable equivalence" of the offered property. *In re Future Energy Corp.*, 83 B.R. 470, 481 (Bky S.D.Ohio 1988); *In re Agawan Creative Marketing Association,* 63 B.R. 612 (Bky Mass.1986).

The question then for the bankruptcy court and us to focus upon is whether the substituted security is completely compensatory and assess the likelihood of payment. *Brite v. Sun Country Development, Inc. (In re Sun Country Development, Inc.),* 764 F.2d 406, 409 (5th Cir. 1985). DEBTOR's burden of proof has been described as more than "preponderance of the evidence" and more than even "beyond a reasonable doubt," but rather the "indubitable equivalence" of a cash payment. *In re Sandy Ridge Development Corp.*, 77 B.R. 69, 73 (Bky M.D.La. 1987). The *Agawan* court, *supra*, states that burden as akin to "clear and convincing."

The proposed payment of the hotel is obviously compensatory as it was found to have a secured value of $1,000,000.00 at an 11 U.S.C. § 506 hearing. Thus, the second part of the question, the likelihood of payment, was the bankruptcy court's focus at the confirmation hearing and our focus today. The bankruptcy court set the $1 million value in early April and used such figure in making its decision denying confirmation, contrary to DEBTOR's argument. The testimony elicited by the bankruptcy court was how quickly FIRST CITY could realize that $1 million.

Therefore, DEBTOR's main argument is without merit. The economic testimony of needing some five years for FIRST CITY to realize $1 million out of the hotel was proper and necessary for the court to make its determination of the ability to confirm the proposed plan. DEBTOR overlooks the fact that the court had not entertained the issue of "indubitable equivalence" *until* the confirmation hearing. Not only is the standard of proof different for "indubitable equivalence" than in a § 506 hearing, but the factual inquiry by the court is different.

In substituting property for cash payments, a margin of error should exist to protect against erroneous valuations and the time factor to realize such value. DEBTOR contends that its amended plan had a ten percent margin over the total debt owing to FIRST CITY and such should be sufficient. Other plans, however, where the "indubitable equivalence" was found to exist, had much greater margins for error or contained provisions for DEBTOR to pay any deficiency from the realized value to the secured value. See, *Brite v. Sun County, supra,* (a 200% oversecurity) and *In re Fursman Ranch,* 38 B.R. 907 (Bky W.D.Mo.1984).

Given the large value involved and the lengthy realization process required, the bankruptcy court in the case at bar logically and realistically found that a 10% margin was not sufficient to make the hotel the "indubitable equivalence" of $1 million. That court's refusal to reopen the valuation of secured claim in the hotel was not in error as DEBTOR had already had its opportunity to establish the secured value. The bankruptcy court properly focused on the realization aspect of the priorly set value. DEBTOR's failure to carry its burden of proof of "indubitable equivalence" is

only its fault, since DEBTOR offered no contravening evidence to the economic forecast of five years to realize such sum. Thus all of DEBTOR's points of error regarding valuation are without merit.

## PAYMENTS TO ACCRUED INTEREST

DEBTOR contends that only oversecured creditors are entitled to interest payments. It cites the recent case of *United Savings Association v. Timbers of Inwood Forest,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), as authority for the proposition that an undersecured creditor cannot receive interest payments during the pendency of a bankruptcy. DEBTOR thereby requests this Court to apply such decision retroactively and order either a refund of the payments or crediting to the principal owed.

First, the *Timbers* case involved lost opportunity costs under 11 U.S.C. § 361(3). The adequate protection order in the case at bar required the payments due to the decreased value of the collateral, per § 361(1). Thus the scope of *Timbers* is not applicable. Further, as FIRST CITY argues, this Court can find no evidence in the record that FIRST CITY is an undersecured creditor and thereby subject to the non-payment of interest rules.

■ Finally the Court does not understand how DEBTOR can work out an agreed order with a creditor, entitling DEBTOR to keep and use the collateral, and then later be entitled to set aside such order. DEBTOR waived all its objections once it agreed to the order. Similarly, the court in *In re Martin,* 92 B.R. 364 (Bky N.D.Ind.1988), found *Timbers* does not apply retroactively where no appeal of the adequate protection order is lodged. DEBTOR's argument is without merit. The adequate protection order stands as do the payments made thereunder.

It is therefore ORDERED that DEBTOR's appeal is without merit and the bankruptcy court's order denying confirmation

is AFFIRMED in all respects. The Clerk shall provide a copy to each attorney of record.