John A. MMAHAT

v.

FEDERAL DEPOSIT INSURANCE CORPORATION et al.

Civ. A. No. 94–2451.

United States District Court, E.D. Louisiana.

July 19, 1995.

William Edward Steffes, Steffes & Mac-Murdo, Baton Rouge, LA, for appellant.

John A. Mmahat, Mmahat & Associates, Ltd., New Orleans, LA, pro se.

Marc David Winsberg, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, LA, for appellee.

David V. Adler, Trustee, Metairie, LA.

Robert Gravolet, U.S. Trustee, New Orleans, LA.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is the motion of the Federal Deposit Insurance Corporation (hereinafter "FDIC") to dismiss this appeal as moot and debtor John A. Mmahat's motion to remand this matter to bankruptcy court, both of which were taken under submission on a previous date without oral argument. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS the FDIC's motion to dismiss and DENIES Mmahat's motion to remand.

### Background

Debtor Mmahat filed the instant appeal contesting the entry of an order by the Bankruptcy Court disallowing a proof of claim filed by debtor on behalf of the Internal Revenue Service (hereinafter "IRS").[1] The Bankruptcy Court entered this order following remand of the case from a prior appeal to the U.S. District Court by FDIC.[2]

In the decision on that appeal, the district court had reversed the bankruptcy court's ruling that allowed the late-filing of a claim on behalf of the IRS by Mmahat pursuant to Fed.R.Bankr. 3004.[3]

While the present appeal was pending, the Court became aware of several facts. First, the Court learned that on September 22, 1994, the IRS had filed its own claim in the bankruptcy proceeding.[4] Second, the parties indicated to the Court that a proposed consent order was to be filed into the bankruptcy record that would allow for the majority of the IRS claim to be accorded first priority in

---

1. *In re John A. Mmahat, et al.*, 87–10447 (Bankr. E.D.La. June 27, 1994) (Bankr.R.Doc. 641).

2. *Id.* (Bankr.R.Doc. 640.)

3. *In re John A. Mmahat, et al.*, C.A. No. 94–292, 1994 WL 160512 (E.D.La. April 26, 1994)

(Schwartz, J.) (R.Doc. 8.) The district court entered judgment in accord with that ruling. *Id.* (R.Doc. 9.)

4. *In re John A. Mmahat*, No. 87–10447 (Bankr. E.D.La. March 10, 1994) (R.Doc. C–117).

distribution of the estate's assets, together with other priority claims, in preference to unsecured nonpriority claims, including those of the FDIC.[5] Third, just prior to the date that the instant motions were taken under submission, the FDIC, the IRS and the bankruptcy trustee filed a Consent Order in the bankruptcy matter, which was signed by the bankruptcy judge.[6]

The Consent Order is identical to that attached to Mmahat's motion to remand before the Court (R.Doc. 21) with one exception. In the Consent Order the IRS agrees not to make any claim against the bankruptcy estate over and above its claim but reserves its right to seek payment directly from the debtor, to the extent allowed by law, of any obligation for tax, penalty or interest not discharged in bankruptcy.

## Law and Application

"Generally, the mootness inquiry centers upon the concern that only live cases or controversies be decided by our courts." *In the Matter of Clinton Manges*, 29 F.3d 1034, 1038 (5th Cir.1994). "A controversy becomes moot in the traditional sense, when, as a result of intervening circumstances, there are no longer adverse parties with sufficient interest to maintain the litigation." *Id.*[7]

In the present case the most significant fact relative to whether the instant appeal is moot is that the Bankruptcy Court has signed the Consent Order sought by both parties. Thus, the IRS claim has been given priority standing, precisely as requested by debtor in his motion to remand and in his memorandum in opposition to FDIC's motion to dismiss.

Debtor argues that this matter should be remanded to the bankruptcy court in order for it to have jurisdiction to execute the consent order. In support, debtor cites *Matter of Querner*, 7 F.3d 1199 (5th Cir.1993).

However, *Querner* is factually inapposite because it concerned the bankruptcy court's retention of jurisdiction over a probate estate *after* the close the underlying bankruptcy case. *Id.* at 1202–03. In the present case, there is no indication that the underlying bankruptcy case is closed.

Debtor also expresses concern that dismissal of this matter will result in the previous orders presently on appeal becoming final. However, debtor overlooks both the filing of the claim by IRS itself and the bankruptcy court's execution of the consent order, which, as noted, provides debtor with exactly the relief he seeks, *i.e.*, that the IRS claim be given priority standing.

Further, by filing the Consent Order, the FDIC, the IRS and the bankruptcy trustee explicitly concede the validity of the IRS claim.

Therefore, because intervening circumstances have removed any parties with adverse interests, the Court finds that this appeal is moot.

Accordingly,

IT IS ORDERED that the motion of the Federal Deposition Insurance Corporation to dismiss this appeal as moot is GRANTED.

IT IS FURTHER ORDERED that the motion of debtor John A. Mmahat to remand this appeal to bankruptcy court is DENIED.

**5.** Pursuant to 11 U.S.C. § 507(8), the "usual" priority of an IRS claim for taxes is given priority over that of general unsecured creditors such as the FDIC under 11 U.S.C. § 507(9).

**6.** "Consent Order," *In re John A. Mmahat, et al.*, No. 87–10447 (Bankr.E.D.La. June 30, 1995) (Bankr.R.Doc. 645.)

**7.** The Fifth Circuit also addresses "mootness" in terms of bankruptcy reorganization actions in

*Manges*, but the present case does not involve a Chapter 13 reorganization. As noted in the decision on the prior appeal, debtors originally filed for protection under Chapter 11 of the Bankruptcy Code and the matter was converted to a Chapter 7 case. *See* "Order and Reasons," *In re John A. Mmahat, et al.*, C.A. No. 94–292, 1994 WL 160512 (E.D.La. April 26, 1994), p. 2 (R.Doc. 8).