In re Cary E. **GRANT**, Debtor–Appellant,

v.

**THURSTON GROUP, INC.,** Appellee.

No. 95 C 2939.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 14, 1995.

Cary E. Grant, Lake Forest, IL, pro se.

Eugene J. Geekie, Jr., Adam Carl Smedstad, Schiff, Hardin & Waite, Chicago, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

This is an appeal from an order in the bankruptcy case of debtor Cary Grant. The procedural history is as follows. In August 1989, a state court suit was filed against Cary Grant. The named plaintiff in that lawsuit was R.H. Seward, Inc. However, no entity with that precise name existed. The suit apparently was filed by R.H. Seward Corpo-

ration, a Delaware corporation, which, effective March 23, 1990, amended its name to be The Thurston Group, Inc. In September 1990, summary judgment was entered in favor of R.H. Seward, Inc. and against Grant in the amount of $225,867.48. In 1992, Grant filed his bankruptcy petition, listing R.H. Seward, Inc. as a judgment creditor, with a reference also being made to Thurston Group.[1] In the bankruptcy proceeding, the same attorneys filed appearances on behalf of both R.H. Seward, Inc. and the Thurston Group, Inc. A complaint to deny discharge was filed only in the name of R.H. Seward, Inc.

In November 1994, Grant moved to vacate the judgment that had been entered against him in the state court. In an order dated March 10, 1995, the state court vacated the judgment on the ground that R.H. Seward, Inc. was not and had not been an existing entity. The state court, however, granted leave for The Thurston Group, Inc. to enter the action and file an amended complaint. The Thurston Group, Inc. then moved in the bankruptcy court for relief from the automatic stay, *see* 11 U.S.C. § 362, so that it could perfect an appeal in the state court. The bankruptcy court granted this motion and also granted The Thurston Group, Inc. leave to file an amended complaint in the state court. This order was dated March 27, 1995 and entered on March 28, 1995. In the meantime, Grant had filed a notice of appeal in the state court. Grant appealed the bankruptcy order granting relief from the stay, contending he had never been provided proper notice of the motion for relief from the stay.

On April 7, 1995, the bankruptcy court vacated its March 28 Order to avoid any problem regarding whether Grant had received proper notice of The Thurston Group, Inc.'s motion. The bankruptcy court again granted relief from the stay, permitting The Thurston Group, Inc. to perfect its state court appeal and file an amended complaint in the state action. The Thurston Group, Inc. was directed to inform the state trial and

appellate court that Grant was in bankruptcy. It was also directed to take no further action in the state court proceedings. Grant then filed a second appeal which is the one now before this court.[2] Grant did not seek to stay the bankruptcy court's order pending appeal. Shortly after the bankruptcy court's April order, The Thurston Group, Inc. perfected its state court appeal and filed its amended complaint in state court.

The only issues before this court are whether it was appropriate to grant relief from the stay in order to file an amended complaint and perfect an appeal in the state court. Such action simply preserves The Thurston Group, Inc.'s rights in the event that any debt Grant owes to it is not fully resolved in the bankruptcy proceeding. *Cf.* April 7, 1995 Transcript at 2. In the order now under review, the bankruptcy court made no ruling on the merits of any claim by The Thurston Group, Inc. against Grant.

■■■ The grant of relief from the automatic stay is an appealable final order. *In re Cimarron Investors*, 848 F.2d 974, 975 (9th Cir.1988). Appellee, however, contends that the appeal is moot because The Thurston Group, Inc. has already filed its amended complaint and perfected its appeal. Appellee cites *In re Sullivan Central Plaza, I, Ltd.*, 914 F.2d 731, 733–34 (1990), *on reconsideration*, 935 F.2d 723 (5th Cir.1991). That case, however, involved the lifting of the stay so that a foreclosure action could be completed. Once a foreclosed upon property has been sold to a third party, it is difficult to unwind what has occurred. However, where a party has proceeded following the lifting of the stay, an appeal challenging the lifting of the stay is not moot if there is still relief that can be granted by the court. *See id.* at 734. Where lifting of the stay allows a monetary action to proceed, relief is always possible in the form of requiring the return of any monetary damages. *See id.* at 733 n. 6; *American Grain Association v. Lee–Vac, Ltd.*, 630 F.2d 245, 248 (5th Cir.1980). In the present case, if debtor were to succeed on his appeal,

---

**1.** Grant contends that the reference to Thurston Group was only for the purpose of providing an address for R.H. Seward, Inc.

**2.** Without objection from Grant, the first appeal was dismissed as moot.

appellee could be directed to seek to withdraw its notice of appeal in the state court and to seek to withdraw or voluntarily dismiss its amended complaint.[3] The appeal is not moot and its merits will be considered.

▉▉ Grant contends the bankruptcy court had no authority to enter the April 7 Order because it lost jurisdiction to vacate the March 28 Order when Grant appealed the March 28 Order.[4] Ordinarily, the filing of an appeal deprives the lower court of jurisdiction over matters involved in the appeal. *In re Statistical Tabulating Corp.* 60 F.3d 1286, 1289 (7th Cir.1995). However, the Bankruptcy Rules provide that the timely filing of certain motions will cause the prior filing of a notice of appeal to have no effect. *See* Bankr.R. 8002(b). The Thurston Group, Inc. moved for reconsideration of the March 28, 1995 order within 10 days of its entry. This caused the first notice of appeal to have no effect. *See id.; In re Shields,* 150 B.R. 259, 260 (D.Colo.1993). The Bankruptcy Court had jurisdiction to enter the April 7 Order.

▉▉ Grant contends that The Thurston Group, Inc. had no standing to move for relief from the automatic stay. The Thurston Group, Inc., however, has a proceeding against debtor Grant pending in the state court, or at least is seeking to maintain such a proceeding. Absent relief from the stay, it cannot pursue those proceedings. The Thurston Group, Inc. has standing to seek relief from the stay. Whether it is a proper party in the state court action is not the issue in the bankruptcy appeal; that is an issue for the state courts to resolve should the state court proceedings go any further when the stay is no longer applicable.

▉▉ Grant's reliance on principles of collateral estoppel is also misplaced. The state court proceeding cannot have any collateral estoppel effect regarding The Thurston Group, Inc. because no judgment has been entered regarding The Thurston Group, Inc.'s claims in that case. A judgment must be entered before there can be a collateral estoppel effect. *People v. Franklin,* 167 Ill.2d 1, —— Ill.Dec. ——, 656 N.E.2d 750, 754–55 (1995); *Congregation of the Passion v. Touche Ross & Co.,* 159 Ill.2d 137, 201 Ill.Dec. 71, 78, 636 N.E.2d 503, 510, *cert. denied,* —— U.S. ——, 115 S.Ct. 358, 130 L.Ed.2d 312 (1994); *Progressive Land Developers, Inc. v. Exchange National Bank of Chicago,* 266 Ill.App.3d 934, 204 Ill.Dec. 384, 392, 641 N.E.2d 608, 616 (1st Dist.1994). The state trial court granted The Thurston Group, Inc. leave to file an amended complaint; it has not yet adjudicated whether The Thurston Group, Inc. has any meritorious claim against Grant. But even if the state court's rulings could be a basis for collateral estoppel, the Bankruptcy Court did not take any action inconsistent with the state court rulings. The Bankruptcy Court granted relief from the stay so that The Thurston Group, Inc. could file an amended complaint that the state court had already granted it permission to file. The Bankruptcy Court also granted relief so that The Thurston Group, Inc. could appeal the denial of it being substituted for R.H. Seward, Inc. That does not override the state trial court, it simply gives The Thurston Group, Inc. the opportunity to seek further review; it would still be left to the higher courts of the state to determine if The Thurston Group, Inc. had standing to appeal and, if so, whether its appeal had any merit.

Grant also argues that no cause exists for granting relief from the stay. Allowing The Thurston Group, Inc. to ensure that it would have no timeliness problems if it were to seek to proceed in the state court following

---

3. Since the bankruptcy court did not permit The Thurston Group, Inc. to further pursue its appeal or amended complaint, it would seem that reversing the effect of the lifting of the stay would be of little benefit to Grant. However, in the event that the bankruptcy court does not resolve the merits of the claim underlying the state court suit, a successful appeal in this case would leave The Thurston Group, Inc. one or two steps further away from judgment or a successful appeal.

That is a minor victory, but it is still some benefit so that the appeal cannot be considered moot.

4. Success on this argument would be a Pyrrhic victory for Grant. It would mean that the March 28 Order is still in effect without there being any pending appeal of that order. The March 28 Order, however, granted the same relief that is being challenged in the present appeal.

resolution of the bankruptcy proceedings is sufficient cause to grant relief from the stay. Granting relief from the stay simply allowed The Thurston Group, Inc. to ensure that any claim it might have against Grant would be protected. The question of whether The Thurston Group, Inc. has any meritorious claim against Grant is left to be resolved on another day, either by the Bankruptcy Court or in further state court proceedings if further relief from the automatic stay is granted or if the potential claim is not discharged in the bankruptcy proceedings.

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of appellee and against appellant affirming the April 7, 1995 Order of the Bankruptcy Court.