In re Continental Hospitality          CV-95-370-M    11/27/95
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


In re Continental Hospitality Corporation,
     Debtor.
_____

Concord Savings Bank,
     Plaintiff,

     v.                                          Civil No. 95-370-M

Continental Hospitality Corporation,
     Defendant.


                              O R D E R


     Concord Savings Bank, a secured creditor of Continental

Hospitality, moves for leave to appeal the order of the United

States Bankruptcy Court for the District of New Hampshire denying

the Bank's motion for relief from the automatic stay provisions

of 11 U.S.C. §362.  28 U.S.C. §158(a); Bankr. R. 8003.  For the

reasons set forth below, the Bank's motion is denied.


                            **Background**

     Based upon the very limited materials presently before the

court, the pertinent facts appear as follows.  The debtor,

Continental Hospitality, filed for protection under Chapter 11 of

the Bankruptcy Code.  The Bank is a secured creditor, holding

three mortgage deeds on real property owned by the debtor. The promissory notes which are secured by those liens are currently (and were at the time of debtor's bankruptcy filing) in default. The Bank's liens on the property total $1,190,000.00. The debtor's schedules list the property as having a fair market value of $700,000.00. Plainly, therefore, the debtor has no equity in the property.

After a hearing, the bankruptcy court denied the Bank's motion for relief from the automatic stay, by which the Bank sought authorization to foreclose on the property. The bankruptcy court likely based its decision upon a factual finding that the property was necessary to debtor's effective reorganization. See 11 U.S.C. §362(d)(2)(B). However, the bankruptcy court specifically noted that its order was "without prejudice to a new motion after plan is filed." After the debtor filed its plan of reorganization, the Bank renewed its motion for relief from the automatic stay, on grounds that (i) the value of the Bank's secured claim is approximately $700,000.00; (ii) the Debtor's plan of reorganization indicates that, at best, it will obtain financing of $550,000.00, which is approximately $150,000.00 less than the amount needed to get the plan approved

2

over the Bank's objection; and (iii) the plan proposed by the debtor engages in improper "gerrymandering" of classes of creditors.[1]

The bankruptcy court denied the Bank's renewed motion on June 6, 1995, "without prejudice to objection to confirmation of plan of reorganization."  The Bank then sought leave of this court to file an interlocutory appeal.

## Discussion

In assessing the merits of the Bank's motion, the court is hampered by the lack of access to any of the pleadings filed in the bankruptcy court, the transcripts of hearings, or its oral orders.  Nevertheless, by twice denying the Bank's motion for relief, it is clear, at least implicitly, that the bankruptcy court determined that the Bank had failed to make the requisite factual showing necessary to obtain the requested relief.  See 11 U.S.C. §362(d) (setting forth the conditions under which a creditor might obtain relief from the stay).

_____

[1]  Although it is unclear from the pleadings submitted by the Bank, it does not appear that, in its second motion for relief, the Bank argued it was entitled to relief under 11 U.S.C. §362(d)(3) (relief from stay against single asset real estate).

3

Importantly, the Bank has failed to allege any substantial harm if this court were not to grant its request for interlocutory appeal. Nor has it made any allegation which would justify an interlocutory appeal under 28 U.S.C. §1292(b).[2] Moreover, the bankruptcy court's order makes it clear that the Bank has not been foreclosed from objecting to confirmation of the debtor's plan of reorganization. And, perhaps most critically, although couched in terms of an appeal of the bankruptcy court's order denying it relief from the stay, in substance the Bank seeks a ruling from this court that the plan proposed by the debtor is improper. Absent any indication that the bankruptcy court has already addressed this issue, it would be premature for this court to consider it.

In light of the foregoing, the court cannot conclude that the issues raised by the Bank are appropriate (or ripe) for interlocutory review.[3]

---

[2] Because the Bankruptcy Code and Bankruptcy Rules do not provide a standard against which the appropriateness of an interlocutory appeal might be measured, courts often turn for guidance to the provisions of 28 U.S.C. §1292(b), which governs interlocutory appeals to circuit courts of appeal.

[3] Parenthetically, the court notes that this case presents an interesting question: Is the bankruptcy court's denial of a creditor's motion for relief from the automatic stay a "final"

4

Accordingly, the Bank's Motion for Leave to Appeal Court's Ruling on Renewed Motion for Relief From Stay (document no. 1) is denied.

---

order for purposes of appeal? Numerous courts, including several courts of appeals, have wrestled with this issue. Compare, In re James Wilson Assoc., 965 F.2d 160, 166 (7th Cir. 1992) (orders refusing to lift or modify the automatic stay are "final."); In re Lomas Financial Corp., 932 F.2d 147, 151 (2nd Cir. 1991) (order issued under §362 is analogous to a permanent injunction and, therefore, a "final" order); In re Cimarron Investors, 848 F.2d 974, 975 (9th Cir. 1988) (order granting or denying motion for relief from stay is "final" and appealable.); In re Comer, 716 F.2d 168, 172 (3rd Cir. 1983) (order lifting the stay completes the litigation in question and is a "final" order of the court.); with In re Powelson, 878 F.2d 976, 981 (7th Cir. 1989) ("Stay orders . . . generally do not finally determine any rights or liabilities or end the litigation even under liberal bankruptcy standards."). See generally, Collier on Bankruptcy, ¶3.03[e], at 3-200 - 201 (15th ed.). The court of appeals for this circuit has not yet addressed the issue.

Procedurally, the Bank has proceeded as though this is an interlocutory appeal under 28 U.S.C. §158(a) and Bankr. R. 8003, and the court will treat it as such. More importantly, however, it is unclear whether the Bank is actually appealing the bankruptcy court's orders on its motions for relief. As noted, the substance of the Bank's appeal seems to be directed at whether the bankruptcy court may, consistent with governing legal principles, approve the debtor's plan of reorganization. Because it does not appear that the bankruptcy court has yet addressed that issue, the Bank's appeal is premature and not ripe for review.

5

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

November 27, 1995

cc:  David P. Azarian, Esq.
     Frank P. Spinella, Jr., Esq.
     United States Trustee
     George Vannah