James C. HALAS (Debtor), Appellant,

v.

Linda PAPAJCIK and Charles Cruz, Appellees.

No. 95 C 7304.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 14, 1996.

Donald Naylor Wilson, Robbins, Salomon & Patt, Ltd., Chicago, IL, Joseph Wrobel, Chicago, IL, for James C. Halas.

Roger H. Simon, Evanston, IL, for Linda Papajcik.

Craig Phelps, Chapter 13 Trustee, Chicago, IL.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the Appellees' Motion to Dismiss the present appeal. For the following reasons, the motion is granted and the appeal is dismissed.

### I.

The record on appeal is scant. Counsel on appeal have related a set of perplexing facts regarding the antics of Appellant in the United States Bankruptcy Court and in the Circuit Court of Cook County, Illinois. However, the facts pertinent to the instant motion to dismiss are relatively simple. The Appellant appealed to this court from a Bankruptcy Judge's annulment of an automatic stay. Subsequent to the appeal, the Bankruptcy Judge dismissed the underlying case in its entirety for the Debtor's failure to comply with court orders. The Appellees now move the court to dismiss the appeal on the ground of mootness.

### II.

The Bankruptcy Judge's annulment of the automatic stay was, at the time of the annulment order, a final and appealable order. *Grant v. Thurston Group*, 186 B.R. 659, 661 (N.D.Ill.1995) (citing *In re Cimarron Investors*, 848 F.2d 974, 975 (9th Cir.1988)). Appellant argues that this court has jurisdiction because (1) the court had jurisdiction at

the time the appeal was filed and (2) "nothing in the Bankruptcy Code ... indicate[s] that a dismissal would result in the mootness of an appeal of an order annulling the stay." However, even assuming the above two statements to be true, the inquiry does not end there. A federal court has a continuing constitutional obligation, pursuant to *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971) and Article III, to examine whether it has jurisdiction over the subject matter of a case (whether it be an appeal from a Bankruptcy Court or a case of first instance) prior to rendering a dispositive order. Without jurisdiction, any decision, opinion, or order issued by the court would be void. *In re Querner*, 7 F.3d 1199, 1201 (5th Cir.1993).

■■■ Article III of the Constitution restricts the jurisdiction of all federal courts; the court may adjudicate only actual, ongoing cases or controversies. U.S. Const. art. III, § 2, cl. 1; *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 132–33, 40 L.Ed. 293 (1895). Article III precludes the court from deciding "questions that cannot affect the rights of litigants in the case before them," and limits the court to resolving "real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990). "This case or controversy requirement subsists through *all stages of federal judicial proceedings* [;] ... [t]o sustain ... jurisdiction ...," "[t]he parties must continue to have a "personal stake in the outcome." *Id.* at 477–78, 110 S.Ct. at 1253–54 (emphasis added). "To sustain [appellate] jurisdiction in the present case, it is not enough that a dispute was very much alive when the suit was filed, or when review was obtained." *Id.* at 477, 110 S.Ct. at 1253. Put another way, "[t]he case must be 'live' at every stage of the proceeding, including the appeal." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106–07, 95 L.Ed. 36 (1950).

■■■ A case is "live" for purposes of appeal when it is possible for the appellate court, such as the instant district court, to "fashion some form of meaningful relief" to the appellant in the event he prevails on the merits. *Church of Scientology v. United States*, 506 U.S. 9, 12–14, 113 S.Ct. 447, 450, 121 L.Ed.2d 313 (1993); *Flynn v. Sandahl*, 58 F.3d 283, 287 (7th Cir.1995). When an intervening "event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal." *Mills*, 159 U.S. at 653, 16 S.Ct. at 133 (cited most recently in *In re CGI Inds., Inc.*, 27 F.3d 296, 299 (7th Cir. 1994)). This is because the case has "lost ... [its] character as a present, live controversy of the kind that must exist [in order] to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48, 90 S.Ct. 200, 201–02, 24 L.Ed.2d 214 (1969).

### III.

■■■ Initially, the court notes that the movants fail to cite to any authority in either their motion or their Reply Brief. The Seventh Circuit has "made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point." *Doe By and Through G.S. v. Johnson*, 52 F.3d 1448, 1457 (7th Cir.1995). Thus, had the motion to dismiss rested on grounds other than constitutional jurisdiction, the court would have been inclined to deny the motion. However, since the motion pertains to the court's jurisdiction over the subject matter of the appeal, the court must overlook the movants' neglect and entertain the motion.

■■■ The outcome of the motion *sub judice* hinges on whether a "live controversy" exists between the Appellant and Appellees. As already discussed, a controversy is "live" if it is possible for the court, sitting as a court of review, to "fashion some form of meaningful relief" to the appellant in the event he prevails on the merits. *Church of Scientology*, 506 U.S. at 12–14, 113 S.Ct. at 450. Here, the underlying case no longer exists; the Bankruptcy Judge dismissed the case *in toto*. That order of dismissal was

never appealed and is not the subject of this opinion.

▆ The court finds that, much like an execution of a consent order by all the parties to an appeal while the appeal is pending, *see Mmahat v. F.D.I.C.*, 184 B.R. 263 (E.D.La.1995), and like a settlement between all parties while certiorari is pending before the Supreme Court, *see Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985), *City Gas Co. v. Consolidated Gas Co.*, 499 U.S. 915, 111 S.Ct. 1300, 113 L.Ed.2d 235 (1991), the dismissal of the bankruptcy case for reasons other than those on appeal to this court is an "intervening event" which renders it impossible for this court, if it should decide the case in Appellant's favor, to grant him any effectual relief whatsoever. *California v. San Pablo & T.R. Co.*, 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893) ("there can be no doubt that this writ of error must be dismissed, because the cause of action has ceased to exist"). This finding is consistent with the general rule acknowledged by the Third, Fifth, Ninth, Eleventh, and implicitly, the Seventh Circuits. The Third, Fifth, Ninth and Eleventh Circuits have held that as an ecumenical rule, the dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings in superior courts. *In re Smith*, 866 F.2d 576, 580 (3d Cir.1989); *In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993); *In re Carraher*, 971 F.2d 327, 328 (9th Cir.1992); *In re Morris*, 950 F.2d 1531, 1535 (11th Cir.1992). Moreover, "the Seventh Circuit appears to have recognized as much, at least implicitly. *See Wesco Prods. Co. v. Alloy Automotive Co.*, 880 F.2d 981, 983 (7th Cir.1989) ("the usual practice in bankruptcy courts is to dismiss all related proceedings along with the bankruptcy case")." *Sato v. Katz*, 1994 WL 72260, at *2 (N.D.Ill. March 4, 1994).

As already discussed, the Bankruptcy Judge, in his lawful discretion, found cause to dismiss the underlying case after Appellant filed the instant appeal. After dismissing the case, the Bankruptcy Judge abdicated all jurisdiction over the matter, dissolved all orders previously-entered, and closed the court file. Without an underlying case to which the court can "kick the case" back, any dispositive order issued by this court would be, by the very definition, inconsequential and moot. Since there is no longer a captive audience, i.e. a lower court to which the court can direct an order, and no longer an active underlying case, it follows that any order issued by the court can neither affect the rights of the litigants, nor have an effect on a live case or controversy. Therefore, the Bankruptcy Judge's dismissal order makes moot the appeal *sub judice*. Accordingly, the court finds that the dismissal of the underlying case on grounds different than those at issue on appeal, as a matter of law, precludes the court from exercising jurisdiction to hear the appeal.[1]

### IV.

Appellant chose not to appeal the Bankruptcy Judge's dismissal of the entire underlying bankruptcy case. Instead, Appellant chose to continue pursing the instant appeal—to his peril. For the foregoing reasons, the court finds the appeal of the annulment of the automatic stay to be moot since any opinion or order rendered by the court would have no meaningful effect on the parties. Accordingly, the court is without jurisdiction to entertain the appeal. The appeal before the court, like the cause of action at the Bankruptcy Court level, is dismissed.

IT IS SO ORDERED.

---

1. It is important to note that the court dismisses the appeal on constitutional grounds. However, the court is aware of the existence, and of the possible applicability, of the separate and distinct Bankruptcy Mootness Doctrine. This mootness standard is established in the bankruptcy code at 11 U.S.C. § 363(m). This provision provides: "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal." 11 U.S.C. § 363(m).